# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **GREATER ALABAMA BUILDING, LLC,** § § § **Plaintiff,** § § **v.** § § **STATE FARM FIRE AND CASUALTY COMPANY,** § § § **Defendant.** § § § § § § § § § | **Case No.:** _____ **Jury Trial** |

## COMPLAINT

COMES NOW, Greater Alabama Building, LLC, by and through its undersigned counsel, and files this Complaint against Defendant State Farm Fire and Casualty Company, and in support thereof would say:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Greater Alabama Building, LLC ("Plaintiff") is a limited liability company organized and existing under the laws of the State of Alabama whose member is also a resident of the State of Alabama.

2. Defendant, State Farm Fire and Casualty Company (hereafter "State Farm" or "Defendant"), is organized under the laws of the State of Illinois, and its principal place of business is in the State of Illinois. State Farm is authorized to sell property insurance policies in the State of Alabama and is engaged in the insurance business in the State of Alabama.

3. The amount in controversy in this action exceeds the sum of $75,000.00 exclusive of interest and costs.

4. This court has original jurisdiction over this action based on diversity of citizenship under 28 U.S.C. § 1332(a) in that the amount in controversy exceeds $75,000 and the action is between citizens of different states.

5. Venue in this action is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

6. At all times relevant hereto, Plaintiff was insured pursuant to an insurance contract whereby Defendant agreed to insure the commercial building located at 412 South Court Street, Florence, Alabama ("Insured Premises") against property damage.

7. The policy issued to Plaintiff by the Defendant is Policy No. 93-BX-Z499-2 (the "Policy"). A copy of the Policy is attached hereto as Exhibit A.

8. The Policy provided insurance coverage for, *inter alia*, loss caused by water damage to the Insured Premises and such other insurance coverage as specifically set forth in the Policy.

9. The Declarations page of the Policy reveals that, as of April 17, 2021, there was coverage for the Insured Premises in the amount of $6,218,800, which included coverage for water damage.

10. Pursuant to the Policy, Plaintiff paid an annual premium to Defendant in

exchange for insurance coverage. Plaintiff paid the required premiums at all times relevant to this Complaint.

11. On April 17, 2021, a water supply line feeding the hot water heater broke loose on the sixth (6th) floor, and water proceeded to flood across the floor down both chases in the mechanical room, across electrical lines, water lines, down the elevator shaft and down the entire five (5) stories of stairwells (the "Loss").

12. Plaintiff promptly reported the Loss to Defendant.

13. Defendant assigned the Loss the claim number 01-18S2-98B.

14. The Policy was in full force and effect at the time of the Loss.

15. Plaintiff fulfilled all of the duties after the Loss that were imposed upon it by the Policy.

16. As it relates to the Loss, there is no applicable exclusion. The Loss is a compensable claim under the Policy.

17. Defendant has acknowledged that the Loss is a compensable claim and has made partial payments for the Loss.

18. Defendant failed to sufficiently investigate the Loss and determine the actual and real scope of damages from the Loss.

19. Defendant wrongfully refused to fully and promptly pay the amounts owed to Plaintiff as a result of the Loss. The payments made by Defendant to Plaintiff

were insufficient to indemnify Plaintiff for the Loss and restore the Insured Premises pursuant to the Policy.

20. Plaintiff advised Defendant that the payments made were insufficient to indemnify it for the damage to the Insured Premises from the Loss.

21. By letter dated December 31, 2021, Plaintiff advised Defendant in writing that it was invoking the Policy's appraisal clause because of the lack of an agreement regarding the amount of the loss between the Plaintiff and Defendant.

22. The Policy's appraisal clause provides, in pertinent part, as follows:

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. Each party will notify the other of the selected appraiser's identity within 20 days after receipt of the written demand for an appraisal. The two appraisers will select an umpire. If the appraisers cannot agree on an umpire within 15 days, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and the amount of loss. If they fail to agree they will submit their differences to the umpire. A decision agreed to buy any two will be binding.

See, Policy at 17.

23. Plaintiff selected an appraiser and demanded that Defendant do the same, as set forth in the Policy.

24. The Defendant, however, has refused Plaintiff's demand for an appraisal based on its assertion that the appraisal process is used to resolve the

4

difference in price of repairs and not disputes as to the scope of work regarding covered damages.

25. Contrary to State Farm's position, there are no coverage disputes but, rather, the dispute between the parties is limited to the amount of loss. Thus, Plaintiff renewed its demand for State Farm to engage in the appraisal process by letter dated February 18, 2022. The Defendant, however, continued to refuse to engage in the appraisal process, erroneously asserting that the scope of loss needs to be defined before engaging in the appraisal process.

26. The appraisal process contained within the Policy does not require a pre-defined scope of loss prior to engaging in that process. There is no dispute in this case that Plaintiff's Insured Premises suffered a loss covered by the Policy on April 17, 2021. Thus, State Farm's attempt to pre-define the scope of loss is the same thing as State Farm disputing the amount of damages to which Plaintiff is entitled to be paid under the Policy. This is exactly what the appraisal process is designed to do; and, therefore, State Farm's failure to engage in the appraisal process is without merit.

27. State Farm's refusal to appraise the damages suffered by Plaintiff as a result of the Loss continues as of the date of the filing of this Complaint.

28. State Farm's decision to deny payment and refusal to allow appraisal to resolve the dispute is improper.

29. Plaintiff has not been properly compensated for the damage to the Insured Premises, even the damage admitted by State Farm.

30. State Farm refused, and still refuses, to make full payment to Plaintiff for its covered loss. State Farm refused, and still refuses, to allow the contractual and mandatory appraisal process to resolve the parties' dispute concerning the amount of the loss.

31. State Farm's failure and refusal to pay Plaintiff the amounts owed to it for the Loss, and State Farm's refusal to submit the dispute over the amount of loss to appraisal, is without justification, and was intentional, fraudulent, malicious, and/or reckless.

32. State Farm's failure and refusal to pay the money and benefits due and owing Plaintiff under the Policy and refusal to submit the claim to appraisal has caused Plaintiff to initiate this Complaint to recover the insurance proceeds to which it is entitled.

## COUNT I – BREACH OF CONTRACT

33. Plaintiff realleges and incorporates all material allegations contained in paragraphs one through thirty-two as if fully set out herein.

34. The Policy issued by State Farm is a binding contract and is supported by valid consideration.

35. On February 8, 2022, Plaintiff submitted to Defendant its Proof of Loss

pursuant to the terms of the Policy. The amount of the Proof of Loss is $1,289,675.71.

36. State Farm is in total material breach of the Policy, and State Farm is liable to Plaintiff in the maximum amount allowed by the Policy for the Loss. Specifically, State Farm's breach of contract includes the following, without limitation: (a) State Farm's failure and refusal to pay the amounts owed to Plaintiff for the Loss under the property coverages afforded by the Policy; (b) State Farm's failure and refusal to pay such other amounts to Plaintiff as may be required by the Policy; and (c) State Farm's refusal to honor Plaintiff's demand for appraisal as outlined in the Policy.

37. Plaintiff has sustained substantial, compensable losses for the amounts claimed under the Policy as a result of State Farm's breach of contract.

38. State Farm is liable to Plaintiff for its losses.

WHEREFORE, Plaintiff requests that judgment be entered in its favor and against Defendant State Farm as follows:

  A. For compensatory damages to Plaintiff against State Farm in an amount to be determined at trial;

  B. For an Order compelling Defendant to proceed with appraisal and if necessary, for the appointment of an appraisal umpire;

  C. For all costs incurred by Plaintiff as a result of this action;

  D. For pre- and post-judgment interest; and

E.  For such other further and general relief as this Court deems just and equitable.

## COUNT II - BAD FAITH

39. Plaintiff realleges and incorporates all material allegations contained in paragraphs one through thirty-eight as if fully set out herein.

40. Plaintiff had an insurance contract with Defendant State Farm, evidenced by the Policy.

41. Defendant State Farm breached the terms of the insurance contract when it wrongfully denied Plaintiff's claim.

42. Defendant State Farm deliberately and/or intentionally wrongfully denied the claim and refused to pay the benefits which Plaintiff is due under the Policy.

43. State Farm did not have a reasonably legitimate or arguable reason for denying the claim and refusing to pay the claim.

44. State Farm did not have a debatable reason for denying the claim and refusing to pay the claim.

45. State Farm had actual knowledge of the absence of any legitimate or arguable reason for denying the claim and refusing to pay the claim.

46. Furthermore, and in addition to State Farm's wrongful denial of the claim, State Farm also intentionally and wrongfully and/or recklessly denied the claim without having a lawful basis to do so and/or intentionally and/or recklessly failed to investigate Plaintiff's claim; recklessly failed to submit the

claim to a cognitive evaluation or review; created its own debatable reason for denying Plaintiff's claim; or relied on an ambiguous portion of the Policy as a lawful basis to deny the claim. Indeed, Plaintiff submitted information to State Farm showing that it had not properly investigated the claim; and, yet, State Farm ignored this information, stating that it was outside the scope of Plaintiff's damages.

47. State Farm's denial was wrongful and done intentionally and/or wantonly and/or recklessly and/or maliciously, such as to give rise to the award of punitive damages.

48. Plaintiff has been significantly damaged as a result of State Farm's wrongful denial of its claim. Such damages include, but are not limited to, the actual cash value to repair or replace the damage to the Insured Premises.

WHEREFORE PREMISES CONSIDERED, Plaintiff Greater Alabama Building, LLC demands Judgment against Defendant State Farm Fire and Casualty Company for compensatory damages and punitive damages in the amounts to be assessed by the trier of fact after hearing the evidence.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted this 28th day of March, 2022.

*/s/ Kevin D. Heard*
KEVIN D. HEARD
Bar Number: ASB-4873-E50K

*Attorney for Plaintiff*
Heard, Ary & Dauro, LLC
303 Williams Avenue SW
Park Plaza Suite 921
Huntsville, Alabama 35801
Tel: (256) 535-0817
kheard@heardlaw.com

**Address for Service on Defendant:**

State Farm Fire and Casualty Company
c/o Corporation Service Company, Inc., its Agent for Service of Process
641 South Lawrence Street
Montgomery, AL 36104

*/s/ Kevin D. Heard*
KEVIN D. HEARD